# FILED

APR – 9 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSHIL ANIRUDDH SHETH, M.D.
     Plaintiff,
    FPC Terre Haute
v.  P.O. Box 33
    Terre Haute, IN 47808

Case: 1:13-cv-00448
Assigned To : Roberts, Richard W.
Assign. Date : 4/9/2013
Description: Pro Se Gen. Civil

KATHLEEN SEBELIUS SECRETARY,
DEPARTMENT OF HEALTH AND HUMAN SERVICES,
    Defendant.
_____/

## COMPLAINT SEEKING JUDICIAL REVIEW,
## PURSUANT TO TITLE 42 USCS § 405(g)

THE UNDERSIGNED, Sushil Aniruddh Sheth, M.D.("Dr. Sheth'),
pursuant to Title 42 USCS § 405(g),hereby submits this civil action
complaint seeking judicial review of the Departmental Appeals
Board ("DAB") of the Department of Health and Human Services'
("DHHS") 21 December 2012 Decision reducing his exclusion period
from all federal and state health care programs from a minimum
of 95 years to a minimum of 60 years. Dr. Sheth further asks
this Honorable Court to reduce his current 60-year period of
exclusion to no more than 15 years on the grounds specified below.

### I.  JURISDICTION

This Court has the power to affirm, modify, or reverse the
decision of the Secretary of the DHHS with or without remanding
the cause for a rehearing. **Title 42 USCS § 405(g)(Judicial Review).**

## RECEIVED

FEB 1 9 2013



RECEIVED
Mail Room

APR 9 2013

Angela D. Caesar, Clerk of Court
U.S. District Court

## II.   TRAVEL OF THE CASE

### A. Procedural History

On 18 January 2011, the Office of the Inspector General ("OIG") for the DHHS notified Dr. Sheth that he may be subjected to exclusion from all federal and state health care programs because of his recent felony conviction relating to the delivery of services under Medicare and/or state health care programs. On 30 September 2011, the OIG informed him that he was excluded from participating in all federal and state health care programs for a minimum period of 95 years.

Dr. Sheth appealed the OIG's decision to the Civil Remedies Division ("CRD") of the DAB. After the parties had submitted their pleadings, the Administrative Law Judge ("ALJ") of the CRD of the DAB sustained the OIG's decision.

Next, Dr. Sheth appealed the decision of the ALJ of the CRD to the Appellate Division of the DAB. After the parties had submitted their pleadings, on 21 December 2012, the DAB reduced his exclusionary period from a minimum of 95 years to a minimum of 60 years on the ground that the 95-year period of exclusion was unreasonable.

Now, Dr. Sheth asks this Court to further reduce his 60-year period of exclusion to 15 years on the grounds limned below.

### B. Factual Background

After cooperating with the Government and waiving his right to an indictment, on 19 August 2009, Dr. Sheth pled guilty to

2

a federal information charging one count of health care fraud in violation of Title 18 USCS § 1347. See **United States v. Sheth, Case No. 09CR069 (ND IL 2009)**. On 10 August 2010, the District Court sentenced him to 60 months incarceration; restitution in the amount of $12,376,310.45, of which all has been paid; and two years of supervised release. **Id.**

Dr. Sheth has been in the continuous custody of the federal Bureau of Prisons since 6 January 2011. He is currently incarcerated at the Federal Prison Camp in Terre Haute, IN. See www.bop.gov/ inmate locator. Since his incarceration, his wife has divorced him, and he lost any and all property (including his former residence) in the State of Illinois. He is presently 53 years old and will be 55 years old when he is released from custody.

### III.   CLAIMS PRESENTED

Dr. Sheth presents six counts challenging the DAB's decision. First, he claims the DAB's decision was unreasonable in light of its precedent; secondly, he claims the DAB's decision was arbitrary and capricious in light of its precedent; thirdly, he claims the DAB's decision evinces an equal protection violation based on country of origin; fourthly, he claims the DAB's decision constitutes cruel and unusual punishment; fifthly, he claims the DAB's decision resulted in an unprecedented, finite period of exclusion; finally, he claims the DAB's decision was not a reasoned explanation for the 60-year period of exclusion.

Hence, the DAB's decision is invalid on all or any one of the above-specified grounds.

## IV.   CONCLUSION

**WHEREFORE,** Dr. Sheth asks this Honorable Court to exercise its power to modify his 60-year period of exclusion to a 15-year period of exclusion or any other period it deems just and proper based on the facts of his case.

Dr. Sheth hereby verify that the statements contained herein are true and correct. **Title 28 USCS § 1746.**

Dated: 14 February 2013.

Respectfully submitted

*Sushil A. Sheth*

Sushil Aniruddh Sheth, M.D.
Reg. No. 41017-424
F.P.C. Terre Haute
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

**THE UNDERSIGNED,** Sushil Aniruddh Sheth, M.D., hereby certify that he placed the foregoing original Complaint in F.P.C. Terre Haute's legal mailbox and/or handed the Complaint to the appropriate federal B.O.P.'s officials, consistent with the Houston v. Lack mailbox rule, with first class postage affixed addressed to the following entity:

Office of the Clerk
United States District Court
333 Constitution Ave., NW
Room 1225
Washington, DC 20001

Dated: 14 February 2013

*Sushil A. Sheth*

Sushil Aniruddh Sheth, M.D.